**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5610-16T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JAMES D. JOHNSON,

     Defendant-Appellant.

_____

> Submitted September 13, 2018 – Decided  September 20, 2018
>
> Before Judges Fisher and Suter.
>
> On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 10-03-0660.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (William Welaj, Designated Counsel, on the brief).
>
> Theodore Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Stephen A. Pogany, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

In Irvington, late in a June evening in 2009, defendant fatally shot thirteen-year-old Justin Grisham in the back of the neck because he mistakenly believed Justin was Farad Williams, with whom he had fought earlier in the day. After a failed motion to suppress statements he made to police, the jury convicted defendant of first-degree murder, N.J.S.A. 2C:11-3(a), and other offenses, based on evidence adduced over the course of a seven-day trial. The judge imposed a thirty-year prison term, with a thirty-year period of parole ineligibility, on the first-degree murder conviction and a consecutive three-year term on defendant's third-degree terroristic-threat conviction, N.J.S.A. 2C:12-3(a).

Defendant appealed, arguing the judge erred in charging the jury and in admitting certain hearsay statements and other bad-act evidence; he also asserted that the prosecutor misrepresented the facts in his summation and mischaracterized defendant's recorded statement as a confession. We rejected these arguments and affirmed. State v. Johnson, No. A-4257-12 (App. Div. Apr. 17, 2015), and the Supreme Court denied defendant's petition for certification, 222 N.J. 311 (2015).

Within a few months of the direct appeal's disposition, defendant filed in the trial court a post-conviction relief (PCR) petition, arguing he was denied the

effective assistance of counsel. He claimed that "despite [his] deep desire to testify at trial and profess his innocence," trial counsel "told [him] not to" because, in referring to the statement defendant gave to police, he had "said too much already." He also argued trial counsel was ineffective in her cross-examination of some witnesses and her failure to call another. The PCR judge denied relief for the reasons expressed in a written opinion.

Defendant appeals, arguing the judge "erred in denying [his PCR petition] without affording him an evidentiary hearing to fully address his contention that he failed to receive adequate legal representation at the trial level" in the following three ways:

> I. TRIAL COUNSEL DID NOT ADEQUATELY REPRESENT THE DEFENDANT ARISING OUT OF HER FAILURE TO THOROUGHLY DISCUSS WITH HER CLIENT ALL RELEVANT RAMIFICATIONS ASSOCIATED WITH THE DECISION WHETHER OR NOT TO TESTIFY, AS A RESULT OF WHICH HE DID NOT TESTIFY IN HIS OWN DEFENSE.
>
> II. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF COUNSEL'S FAILURE TO CALL JESSE SANDERS AS A DEFENSE WITNESS AT TRIAL.
>
> III. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTAION FROM TRIAL COUNSEL AS A RESULT OF TRIAL COUNSEL'S FAILURE TO ADEQUATELY CROSS-

3

EXAMINE TWO CRITICAL STATE'S WITNESSES BASED UPON INFORMATION COUNSEL LEARNED AT A MATERIAL WITNESS HEARING.

We find insufficient merit in defendant's arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(2), and affirm substantially for the reasons set forth by Judge John I. Gizzo in his written opinion.

In a nutshell, the judge recognized that the trial attorney's assistance was not ineffective because her advice was either adequate or based on a reasonable tactical decision within the meaning of the Strickland/Fritz test.[1] The judge determined that the advice that defendant not testify was sound in light of the cross-examination he would have faced because of the damaging statements he made to police.[2] He also concluded that the decision not to call Sanders was reasonable because Sanders' statements to police revealed he could provide few

---

[1] Strickland v. Washington, 466 U.S. 668 (1984); State v. Fritz, 105 N.J. 42 (1987).

[2] In his statement to police, defendant appeared to exclaim, in reference to the victim, "That's the guy that I killed?" The prosecutor argued this in his summation and in ruling on the direct appeal – and the propriety of the prosecutor's summation – we noted that we had "also examined the recording and confirmed that the prosecution's version was not just reasonable but likely more accurate than what defendant argues." Johnson, slip op. at 13 n.5 (the defense had argued that defendant said "That's the guy that got killed"). This would have presented fertile ground for the prosecution's cross-examination of defendant and strongly suggested the soundness of the trial attorney's advice that defendant not testify.

4

specifics as to when and where he was with defendant on the evening of the shooting in the face of other more specific evidence, including video evidence, that placed defendant at or in the immediate vicinity of the crime. And we see no merit in defendant's last point, in which he argues that trial counsel ineffectively cross-examined Farad Williams and Sharkeez Williams. Neither was an eyewitness to the murder; they instead testified about the earlier fight – the likely motivation for the killing – as well as the circumstances surrounding the terroristic-threat charge. Defendant argues only that trial counsel should have explored with them their reticence about cooperating or testifying. In reviewing the trial transcript, we agree that those witnesses were thoroughly cross-examined and that it isn't likely that further inquiry into their apparent unwillingness to cooperate would have benefitted the defense.

      Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5610-16T4